## WILLIAM BROWN and HENRY OTTO *vs.* HENRY WERNER.

*Division wall—Party wall—Measure of Damages in Tort—Principal and Agent—Evidence.*

A division wall may become a party wall by agreement, either actual or presumed; and although such wall may have been built exclusively upon the land of one, if it has been used and enjoyed in common by the owners of both houses for a period of twenty years, the law will presume in the absence of evidence showing that such use and enjoyment was permissive, that the wall is a party wall. In such cases the law presumes an agreement between the adjacent owners, that the wall shall be held and enjoyed as the common property of both.

An action was brought to recover damages for injuries done to the plaintiff's house by the careless and negligent manner in which the house of the defendant, next adjoining, was improved, and for the direct losses consequent upon such injuries, sustained by the plaintiff in his trade and business. The plaintiff's house was injured by the partial falling in of the division wall between the two houses; and this was caused by digging too near the wall for the purpose of deepening the cellar under the defendant's house. No notice was given by the defendant of his intention to deepen the cellar, and evidence was offered to show that the excavation was done in a careless and negligent manner. Evidence was also offered to show that the business of the plaintiff, who kept an ice-cream saloon and made cakes and other articles in that line, was interrupted for several days. HELD:

That the plaintiff was entitled to recover such damages as would be sufficient to reinstate the wall, and the house in as good condition as they were prior to the injury, and to compensate him for the loss consequent upon the interruption of his business.

Where a builder or contractor selects his own workmen and has the immediate control over the work, and directs the manner in which it shall be done, such builder or contractor is responsible for injuries resulting from the careless and negligent manner in which the work is done.

In an action to recover damages for injuries done the plaintiff's house by the careless and negligent manner in which the defendant's house, next adjoin-

ing was improved, it is competent for the plaintiff to introduce evidence to show the usual profits of his business prior to the injuries, the declaration having alleged that the house was so injured as to prevent the plaintiff from carrying on his business for several days, whereby he sustained loss and damage &c.—such allegation is a distinct claim for damages consequent upon the interruption of the plaintiff's trade and business by the wrongful act of the defendant.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.*—Evidence was offered by the plaintiff to maintain the issue on his part, and testifying in his own behalf, stated that he kept an ice cream saloon, and made cakes and other articles in that line. His counsel then asked him the following question: "What were the usual profits of your business before the accident occurred?" To this question the defendant objected, but the Court, (DOBBIN, J.,) overruled the objection, and permitted the question to be asked. The defendant excepted.

*Second Exception.*—The plaintiff offered a prayer which is sufficiently stated in the opinion of the Court.

The defendant offered the following prayers:

1. If the jury should find for the plaintiff, they can only find as damages such injury to the property and business of the plaintiff, as they shall find to have been occasioned by the falling of the wall, as offered in evidence, and in making their estimate of the damages, they cannot estimate the value of any damage to the goods and materials used by the plaintiff in his ice cream saloon, because there is no certain and definite evidence what such loss is.

2. In estimating the damages due the plaintiff, if the jury find for the plaintiff, they cannot estimate any injury to the wall dividing the house of the plaintiff from the house of the defendant, because the said wall, by a proper construction of the deed to the plaintiff, offered in evi-

dence, does not belong to the plaintiff either in whole or in part.

3. In estimating the damages due the plaintiff, if the jury find for the plaintiff, they cannot give such damages as may be required to reinstate the wall in its former condition, but only such damages as may have been occasioned to the market or selling value of the plaintiff's house.

4. The jury are instructed that there is no evidence to show the plaintiff is the owner in whole or in part of the wall between the two houses of the plaintiff and the defendant Otto, respectively, and the plaintiff is not entitled to recover for any injury done to said wall by defendants, under the pleading in this cause.

5. If the jury from the evidence believe, that in the excavation made by the defendants on the land of the defendant Otto, for the purpose of altering and improving his building, (provided they shall believe that such excavation was made,) the wall mentioned in evidence, to the extent mentioned by the witnesses, fell down, and that before such fall the defendants had employed a workman whose reputation was that of a skillful excavator, to perform said work, and had also employed a skillful and competent bricklayer to underpin and protect said wall when it should become necessary, in his estimation, to do so, then the plaintiff is not entitled to recover.

The Court granted the plaintiff's prayer and the first prayer of the defendants, but rejected the defendants' other prayers. To the granting of the plaintiff's prayer, and to the rejection of their second, third, fourth and fifth prayers, the defendants excepted.

Verdict and judgment were in favor of the plaintiff for $350. The defendants appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*William A. Stewart,* for the appellants.

In support of their second and fourth prayers cited, *Washburn on Easements and Servitudes,* 451; 2 *Washburn on Real Prop.,* 77; 2 *Bouvier's Inst.,* sec. 1615; and in support of their third prayer referred to *Mayne on the Law of Damages,* 237; *Jones vs. Gooday,* 8 *Mees. & Wels.,* 146; *Hosking vs. Phillips,* 3 *Exch.,* 168.

*Charles G. Kerr* and *Reverdy Johnson,* for the appellee,

Referred to 3 *Kent's Comm.,* 437, 438; *Washburne on Easements and Servitudes,* 454; *Wyatt vs. Harrison,* 3 *Barn. & Ad.,* 871; *Dodd vs. Holme,* 1 *Adol. & Ellis,* 493.

ROBINSON, J., delivered the opinion of the Court.

This suit was brought to recover damages for injuries done to the appellee's house on East Baltimore street, by the careless and negligent manner in which the house of the appellant Otto, next adjoining, was improved; and for the direct losses consequent upon such injuries sustained by the appellee in his trade and business.

The appellee's house was injured by the partial falling in of the division wall between the two houses, and this was caused by digging too near said wall, for the purpose of deepening the cellar under Otto's house. No notice was given by the appellant, Otto, of his intention to deepen the cellar, and evidence was offered to show that the excavation was done in a careless and negligent manner. The appellee's house was built more than twenty-five years before the injuries complained of, and during all this time, the division wall had been used for the common support of the two houses, the joists of the appellee's house resting upon the wall. The plaintiff also offered in evidence, a deed of the property, one of the boundaries in which, it was stated, called for the division wall in question.

The Court instructed the jury, that if they should find the wall between the two houses to be a party wall, and

that the defendant Otto, employed the defendant Brown, to improve his building, and with a view to such improvement, without giving notice to the plaintiff of such intention, the cellar of Otto's house was dug below the foundation, and that the same was done so carelessly and negligently, that portions of the said wall fell in, and caused injury to other portions of the said wall of the plaintiff's house, and hazarded the falling in of the entire wall, so as to make the occupation of the plaintiff's house dangerous, and that he was for some days unable to carry on his business, then the plaintiff was entitled to recover such damages as would enable him to reinstate the wall and house itself, in as good condition as they were before the injury, and as would compensate him for the loss consequent upon the interruption of his business.

To the granting of this instruction, and to the refusal to grant the several prayers offered by them, the defendants excepted.

The Court's instruction is objected to in the first place, on the ground that there was no evidence from which the jury could find the wall between the houses, was *a party wall,* but it does not appear from the record, that this objection was made below, and it cannot therefore be made in this Court. The question however, is presented by the defendants' second and fourth prayers, and it becomes necessary for us to determine whether there was any evidence from which the jury could find the wall to be a party wall. The appellants contend that there was not, because the appellee's deed shows, that the wall was built exclusively upon the land of the appellant Otto. Without attempting a precise definition of the term, *"party wall,"* it is sufficient to say, that ordinarily, it means a wall built partly on the land of one and partly on the land of another, for the common benefit of both, in supporting timbers, used in the construction of contiguous buildings. If the character of the wall in question, depended solely upon the appellee's deed, there might be

some ground for the appellants' contention.   But a *division wall* may become a *party wall* by agreement, either *actual* or *presumed*, and although such wall may have been built exclusively upon the land of one, if it has been used and enjoyed in common by the owners of both houses for a period of *twenty years,* the law will presume in the absence of evidence showing that such *use and enjoyment was permissive*, that the wall is a. party wall.   In such cases the law presumes an agreement between the adjacent owners, that the wall shall be held and enjoyed as the common property of both.   In *Dowling, et al. vs. Hennings,* 20 *Md.,* 184, this Court said:

"From our examination of the authorities bearing upon the question under consideration, we have concluded that the uninterrupted enjoyment and use of the alley and alley walls for the period shown by the evidence, raises the presumption of mutual grants for such enjoyment for the time the two houses should be .capable of safe and beneficial occupation, and that the appellants had no authority to interfere with the alley or walls, without the consent of the appellee, unless he could do so without injury to his possession." *Brown vs. Windsor,* 1 *Cromp. & Jer.,* 20 ; *Eno vs. Del Vecchio,* 6 *Duer,* 17 ; *Campbell vs. Mesier,* 4 *Johns. Ch.,* 334.

In this case, the wall in question, was a common *nine inch division wall between the two houses,* and it appears that the appellee's house was built into and rested upon said wall, and that this *user* and *enjoyment* had continued for more *than twenty years*.   In the absence then of evidence, to show that this user was by license merely, we think there was proof from which the jury might find it to be a party wall.

The rule in regard to the measure of damages, was correctly laid down by the Court.   The action was for a *tort,* and the plaintiff was entitled to recover for all damages naturally or necessarily flowing from the wrongful acts of the defendants ; and if his house was injured by the care--

less and negligent manner in which the appellants improved the adjoining house, he was entitled to recover such damages as would be sufficient to reinstate the wall and the house in as good condition as they were prior to the injury.

The fifth prayer was properly refused. It asserts as a proposition of law, that if Otto, the *owner* of the house, and Brown, the *contractor*, employed skillful persons to dig the cellar, and underpin the wall, the plaintiff was not entitled to recover ; in other words, that he must look to the excavator and bricklayer for damages, if any were sustained. No authority was referred to, nor have we been able to find any, in support of this proposition. On the contrary, we take the law to be well settled, that where a *builder* or *contractor* selects his own workmen and has the immediate control over, and directs, the manner in which the work shall be done, such *builder* or contractor is responsible for injuries resulting from the careless and negligent manner in which the work is done.

The evidence offered under the first bill of exceptions was properly admitted. It is objected to on the ground that the declaration does not claim damages for losses sustained by the plaintiff in the interruption of his trade and business. In this we do not concur. It charges the defendants not only with injuring the house of the plaintiff, but so injuring it "as to prevent him from carrying on his business for several days, * * * whereby the plaintiff sustained loss and damage, &c."

Here is a direct allegation that his business was interrupted by the wrongful acts of the defendants, and a claim for damages on account of same.

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 4th March, 1874.)

STEWART, J., dissented.