JOSEPH WALKER & others *vs.* JOHN STETSON, JR.

Suffolk.    March 12, 1894. — September 5, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Party Wall.*

An addition to a party wall made by one of two adjoining owners of land entirely
on his own land, for the purpose of strengthening and thickening the wall and
foundation so as to support a higher building, does not become a part of the
party wall, and the other adjoining owner who subsequently uses the wall as
strengthened in increasing the height of his building, but who does not project
his timbers beyond that portion of the wall standing on his land, though liable
under his deed to pay for the half of the original division wall erected on his
land, cannot be restrained from making such use of the addition, or made liable
for a portion of its cost.

BILL IN EQUITY, filed March 17, 1893, to restrain the defend-
ant from making use of an addition made by the plaintiffs to a
certain party wall running from Boylston Street to Providence
Street in Boston, between adjoining parcels of land belonging
respectively to the plaintiffs and the defendant.

Hearing before *Lathrop*, J., at whose suggestion a statement
of the facts was agreed upon by the parties, which subsequently,
on account of the illness of the presiding justice, was presented
to *Knowlton*, J., who reported the case for the consideration of
this court.    If the bill could be maintained, the case was to
stand for further hearing, or such other order or decree was to
be made as equity required.    If it could not be maintained, it
was to be dismissed, unless the plaintiffs desired to amend it by
changing it into an action at law, in which case they should
have leave so to do, unless this court should be of opinion that
an action at law could not be maintained.    The material facts
appear in the opinion.

The case was argued at the bar in March, 1894, and after-
wards was submitted on the briefs to all the judges.    ·

*J. Walker, pro se.*

*B. L. M. Tower,* (*P. F. Hall* with him,) for the defendant.

MORTON, J.    The plaintiffs and defendant respectively derive
title through mesne conveyances from the city of Boston.    The

deeds from the city of Boston to their predecessors in title provide that the owner of the premises conveyed may build one half of the division walls on the adjoining lots, "which half of the walls, when used by the owners of the adjoining lots for building purposes, is to be paid for by them to the extent so used." In all the mesne conveyances this provision as to party walls was either set out in terms, or incorporated by reference. Under it, a party wall had been built along the entire line between their estates, by predecessors in title of the plaintiffs and defendant. On the front portion, i. e. towards Boylston Street, it was twelve inches thick, and formed a party wall for two brick buildings three stories high. The respective owners for the time being paid each one half the cost of this wall. The rest of the wall was built by the defendant's predecessors in title, and no part of the cost has been paid either by the plaintiffs or their predecessors in title.

The plaintiffs acquired title in March, 1890, and proceeded to erect a six-story building eighty feet in height, and covering their entire lot. They carried up the party wall to the same height. In doing so, it became necessary to thicken and strengthen it, and also to strengthen the foundation. This was all done on the premises of the plaintiffs at their own expense, and without any request, consent, or permission on the part of the defendant, unless it can be implied in law or from the facts.

The defendant acquired title in May, 1891, after the plaintiffs had completed the erection of their building, and also erected a six-story building, eighty feet in height, and covering his entire lot. In erecting his building, the defendant inserted the timbers into the wall between his premises and those of the plaintiffs four inches, and no more. The timbers do not extend beyond his own land, and are wholly within the one half part of the old wall and the additions in height made thereto which stand on his own land. He added nothing to the height, thickness, or foundation of the wall.

The old party wall, as carried up with the additions made to it by the plaintiffs, constitutes one solid wall. The plaintiffs introduced testimony tending to show that in respect to height, thickness, foundations, and general character it was such a wall as good construction required between such buildings, and that

the old wall, if carried up of the same thickness, would not have been sufficient. There was also testimony that the old wall, if carried up as it was, would not have conformed to the building law in force in the city of Boston. St. 1885, c. 374, § 52. St. 1892, c. 419.

The defendant has offered to pay to the extent to which he has used the old party wall as carried up by the plaintiffs. But the plaintiffs contend that the defendant is in effect using the whole wall as thickened and strengthened by them, and that they are entitled in addition to compensation for the use of the additions which they have made to the wall in thickening and strengthening it, and for the use of the land taken for those purposes, or, if they are not, that the defendant should be enjoined from making any use of the wall as thickened and strengthened to support the building which he has erected.

A majority of the court do not see how either contention can be supported. We assume that either party had a right to carry up the party wall to any reasonable height, provided he did not thereby impair the wall as it stood, nor injure the other party; *Everett* v. *Edwards*, 149 Mass. 588; *Matthews* v. *Dixey*, 149 Mass. 595; and that the other party was bound to pay when he used it to the extent to which he used it, and that the obligation to pay attached to successive additions in height as they were made by one party or the other. But we do not see on what ground the defendant can be compelled to do any thing more than he has offered to do. The deeds certainly contain no agreement compelling him, and we do not see how one can be implied. *Allen* v. *Evans*, 161 Mass. 485. The additions made to the wall by the plaintiffs for the purpose of thickening and strengthening it are not, in any proper sense, a party wall. They were made by the plaintiffs on their own land, for their own purposes. They belong to them. They can remove them if they see fit so to do. The defendant has no right of support in them. If he could acquire such a right by prescription, the plaintiffs can prevent him by taking the proper steps. Pub. Sts. c. 122, § 3. Possibly a party wall may, by agreement, be placed on the land of one of the parties. But there is no such agreement here, and the defendant refused to make one. In the absence of such an agreement, we think that it would be going

too far to hold that, under deeds which provide that one half of the party wall may be placed on land of the adjoining owner, any additions made by one owner on his own land to a party wall so built, for the purpose of thickening and strengthening it, so that he may build a higher building, or a building adapted to a different use, become a part of the party wall, and that the adjoining owner is liable for a portion of their cost, though he uses the party wall no further than he has a right to use it.

No doubt, as long as his building stands and the wall stands the defendant will get a benefit from the additions made by the plaintiffs for the purpose of thickening and strengthening the wall. But that does not create a liability on his part, nor take away his right to use the party wall as carried up by the plaintiffs. *Allen* v. *Evans*, 161 Mass. 485. If there had been no party wall, and the plaintiffs had built their wall, as they would have had the right to do, so that its exterior surface coincided through its height and breadth with the dividing line, and the defendant had afterwards built similarly on his side, it is very probable that he would have been able to use a thinner wall, on account of the support which it would probably receive from the plaintiffs' wall ; but that would have given the plaintiffs no claim on the defendant. *Kingsland* v. *Tucker*, 115 N. Y. 574. In the present case the defendant has not trespassed at all upon the plaintiffs. He has not inserted his timbers into the party wall as far as he had a right to. It is obvious that whether the additions made by the plaintiffs were a party wall cannot be determined by the demands of good construction, or the requirements of the city ordinances. We do not, therefore, see on what ground the defendant can be compelled to pay for the additions which the plaintiffs have made for the purpose of thickening and strengthening the wall or its foundations, nor enjoined from using it as he is doing.

As to the remedy, it is well settled in this State that an action at law will lie to recover of one using a party wall his proportion of the cost of the same. *Savage* v. *Mason*, 3 Cush. 500. *Cutter* v. *Williams*, 3 Allen, 196. *Maine* v. *Cumston*, 98 Mass. 317. *Standish* v. *Lawrence*, 111 Mass. 111. *Richardson* v. *Tobey*, 121 Mass. 457.

The defendant admits his liability to the extent to which he

has used the old party wall, so far as it forms a part of that carried up by the plaintiffs. In accordance, therefore, with the terms of the reservation, the plaintiffs are to have liberty, if they desire, to amend into an action at law; otherwise, the bill is to be dismissed, with costs.　　　*Ordered accordingly.*