# WILLIAM C. DORSEY *v.* ENGELINA HABERSACK.

*Party Wall—Right of One Owner to Build on Top and Increase Height—Agreement Making Wall of One Adjoining Owner a Party Wall—Damage to One Building by the Erection of Another—Special Interrogatory to the Jury—Photographs as Evidence.*

A party wall ordinarily means a wall partly on the land of each adjoining owner, but a division wall, built wholly on the land of one owner, may become by agreement a party wall.

Defendant owned a vacant lot adjoining plaintiff's house and desiring to build thereon, obtained from plaintiff, for a valuable consideration, an agreement by which there was granted to him the right to place joists and otherwise build into plaintiff's wall and "otherwise use the same as a party or division wall." *Held*, that defendant was entitled to build on top of plaintiff's wall and to raise the height thereof and also of plaintiff's chimneys.

If in such case the defendant in building his house damaged that of the plaintiff, the latter is entitled to compensatory damages.

In an action to recover for damage done to a house by the manner in which an adjoining house was built, photographs of the house are admissible in evidence when the jury can judge of their accuracy from the testimony in the case.

When an injury to property may have been caused by several different acts, the trial Court cannot be required, under the Act of 1894, chap. 185, to put a special interrogatory to the jury asking them to determine the amount of injury occasioned by some of the acts. It might be impossible to determine definitely what proportion of the total injury was caused by any specific act.

Appeal from the Court of Common Pleas. The first four prayers offered by the plaintiff at the trial are not material to the questions discussed on appeal. The plaintiff's other prayers were as follows :

*Plaintiff's 5th Prayer.*—That even if the jury find that the deed of the 15th June, 1894, is the deed of the plaintiff, yet, if the jury find that the defendant built on top of the west wall of the plaintiff's house a wall two or three

feet in height and extended the materials of said wall so built by him over the whole thickness of the plaintiff's said west wall for its whole length and built upon the plaintiff's chimneys several courses of brick, increasing thereby the height thereof, then the defendant is not entitled to rely on said deed as a defence against his so building his said wall on the whole thickness of plaintiff's said west wall or against his so building on the plaintiff's chimneys. (Granted.)

*Plaintiff's 6th Prayer.*—That the defendant has shown no authority of the plaintiff to place the front steps of his house on the plaintiff's lot for any distance nor to extend his pavement over the west line of the plaintiff's lot in front of plaintiff's house. (Rejected.)

*Plaintiff's 7th Prayer.*—If the jury find the wall between the plaintiff's and defendant's houses to be a party wall, yet, if they find that the defendant built on top of said wall over its whole thickness a wall two or three feet high and that in erecting his adjoining house the defendant inserted joists in the plaintiff's wall and other joists entirely through said wall, and that the same was so recklessly and negligently done that portions of the said wall cracked and sunk and other walls of plaintiff's house settled and were cracked and injury was caused thereby to other parts of plaintiff's house and the falling in of plaintiff's house and wall was hazarded so as to make the occupation of plaintiff's house dangerous or inconvenient, the plaintiff is entitled to such damages as will enable him to reinstate the said house and wall in as good a condition as they were before the said injuries and as will compensate her for the loss caused by the non-occupation of her house by tenants during the time they shall find the house to have been untenantable. (Granted.)

And the defendant then offered the five following prayers and three special interrogatories :

*Defendant's 1st Prayer.*—If the jury find from the evidence that the agreement dated June 15th, 1894, and read to the jury in this case, was executed by the plaintiff and

the defendant Dorsey, and that the words written on the
first page were inserted and the erasure on the second page
of said agreement was made prior to or at the time of the
execution and acknowledgment of the same, then the de-
fendants are not liable for any damage suffered by the
plaintiff by reason of the extension of the party wall south
about 12 feet further than it originally stood, nor are the
defendants liable for any damage sustained by the plaintiff
by reason of the extension of said party wall upwards,
unless the jury find that an actual physical injury was done
to the plaintiff's premises by reason of said extension up-
wards ; nor are the defendants liable to the plaintiff for
building into and against the plaintiff's wall and using the
same as a party wall according to the terms of said agree-
ment, unless the jury find that some physical injury was
done to the plaintiff's premises thereby.   (Rejected.)

*Defendant's 2nd Prayer.*—That the plaintiff's cannot re-
cover under the pleadings and evidence in this suit any
damages for the building by the defendant Dorsey of the
steps of the house No. 2135 Fairmount avenue beyond the
line of the division wall between said house and the house
of the plaintiffs.   (Granted.)

*Defendant's 3rd Prayer.*—That if the jury shall find that
the agreement of June 15th, 1894, was signed and ac-
knowledged by the plaintiffs and William C. Dorsey in its
present condition after the interlineation on the first page
and the change on the second page within the pencil brackets
had been made, then the defendant, William C. Dorsey, was
entitled to exercise the rights and privileges thereby granted,
and their verdict must be for the defendant, William C.
Dorsey, unless they shall further find that the defendant,
William C. Dorsey, in the exercise of the rights and privi-
leges granted under said agreement, caused any physical
damage to the dwelling house of the plaintiff and failed to
repair the same and was not prevented by the plaintiff from
repairing the same.   (Granted.)

*Defendant's 4th Prayer.*—The jury are instructed that if

they should find that the defendant, Wm. C. Dorsey, had failed to repair or caused to be repaired any damages occasioned by the exercise of the rights and privileges granted under the agreement of June 15th, 1894, that the plaintiffs are not entitled to recover for any damages which could have been prevented by the plaintiffs by the exercise of ordinary care and prudence on their part. (Rejected.)

*Defendant's 5th Prayer.*—If the jury find from the evidence that the plaintiffs stood by and allowed the defendant to build his house and wall without undertaking any proceedings to stop the same, then the plaintiffs cannot recover, even though the defendant had no right to build said house and wall in the first instance. (Rejected.)

And the following special interrogatories :

1st. Were the alterations in the agreement in evidence in this case made before or after the execution and acknowledgment of said agreement by the parties thereto ? (Granted.)

2nd. Was any physical injury done to the plaintiff's house by reason of the extension upwards of the party wall by the defendant Dorsey ? If so, what damage ? (Rejected.)

3rd. Was any physical injury done to the plaintiff's house by reason of the defendant Dorsey's building into and against the wall of the plaintiff's wall or cutting holes in the same for joists ? If so, what injury ? (Rejected.)

The Court below (HARLAN, C. J.), granted plaintiff's fifth and seventh prayers, and defendant's second and third prayers, and rejected defendant's first, fourth and fifth prayers. The jury returned a verdict for the plaintiff for one hundred dollars.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE and BOYD, JJ.

*Edward C. Eichelberger* and *W. H. De Courcey Wright,* for the appellant.

The photographs offered in evidence by the appellee should have been excluded. Photographs of localities, buildings, etc., are only admissible when there is evidence that they are fair and accurate representations. 1 *Greenleaf's Evidence*, sec. 82, note (*a*) 15th ed. ; *People* v. *Beiddinsieck*, 103 N. Y. 487, 500 ; *Blair* v. *Pelham*, 118 Mass. 421 ; *Marcy* v. *Barnes*, 16 Gray, 161, 163. There was no evidence in this case to show that these photographs were correct and accurate, but on the contrary the testimony of the photographer who took them, is, that he had altered the negatives, and he could not even swear that there were cracks in the house where he showed them in the picture. The effect of these photographs was clearly to mislead the jury.

The subject of the second bill of exceptions is the ruling of the Court in granting the first, fifth and seventh prayers of the appellee, and rejecting the appellant's first, fourth and fifth prayers and second and third, special interrogatories.

The Court below should have rejected the plaintiff's fifth prayer, because the agreement gave to the defendant the right to extend upwards or increase the height of the wall in question. Either owner of a party wall may increase the height of said wall, and if no damage is done to the wall he is not liable ; he does not commit a trespass by so doing. *Lloyd on Buildings*, 343 ; *Brooks* v. *Curtis*, 50 N. Y. 639 ; *Musgrave* v. *Sherwood*, 54 How. Pr. 338. An easement for the use of a wall as a party wall may be conveyed by deed and embraces every right incident to the absolute ownership of a party wall ; therefore it must include the right to increase the height of said wall. This proposition is fully sustained by this Court in the recent decision of *Poultney* v. *Depkin*, 80 Md. See also *Putzel* v. *Drovers' and Mechanics' Bank*, 78 Md. 349. It is submitted that the agreement in this case passes the right or easement to use this wall in question as a party wall. The terms of the same are : the full right, privilege and license to place joists to the depth of four inches, and to otherwise build into and against the westernmost wall of the said Engelina Haber-

sack's house, above mentioned, *and to otherwise use the same as a party wall or division wall;* also to extend said division wall southerly for the distance of about twelve feet further upon said Habersack's ground," etc.   What construction could be placed on the expression " otherwise use the same as a party wall " save that which is patent on its face.   The only possible ground for the contention that every right incident to ownership of a party wall, did not pass, is that the expression of certain specific rights in the grant, intended to be conveyed thereby, restricted the same to those 'rights thus enumerated, despite the phrase " and to otherwise use the same as a party or division wall," and that said phrase was rendered nugatory, on the principle that *expressio unius, est exclusio alterius,* and *expressum facit, cessare tacitum.*

It is submitted that such is not the law, and the principle of the above maxim is merely that where in a grant or other disposition of property, certain rights passed by implication of law though they be not mentioned, yet when the instrument mentions certain of those rights and is silent as to the rest, then those as to which there is no reference are held to be excluded, if there is nothing in the instrument to show that the intention was to include them.   See *Broom's Legal Maxim,* 651.

This is a narrow technical rule of construction arising from the principle that the intention of the parties will be presumed, from the words used ; but if there be anything in the instrument to rebut this presumption and show that such is not the intention of the parties, the principle has no application :  " It (this maxim) is not of universal application, but depends upon the intention of the party as discoverable upon the face of the instrument." *Broom's Legal Maxims,* 653.

Although the acts of the appellant may have constituted a trespass, and caused certain injury to appellee's premises, if the appellee by neglect and failure to use ordinary care and prudence for the protection of her property increased and aggravated damages to same, then as to such

damage as was caused by said failure and neglect she cannot recover. *Owings* v. *B. & O. R. R.*, 35 Fed. Rep. 715; *Plummer* v. *Penobscot Association*, 67 Me. 363, refers to the rule but does not decide it.

The Court below should have granted the defendant's fifth prayer, because if the jury found the facts therein recited the appellee would have been estopped to assert her rights against the appellant. Suppose for the purpose of argument that the appellant had no right to increase the height of the wall or to extend the same back 12 feet, or to place his steps where he did, then the appellee knew that he had no right to do so, according to her own testimony, but according to the testimony of the appellant and appellee she made no complaint that he heard of until after the house was almost completed and the steps were put up, and the appellant was under the impression that he possessed the rights to do the acts complained of. This conduct, it is submitted, brings the appellee within the doctrine of estoppel. 2 *Pomeroy's Equity Jurisprudence*, sec. 805; *Md. Fire Ins. Co.* v. *Gusdorf*, 43 Md. 514; *Morgan* v. *Railroad Co.*, 96 U. S. 716, 720; *Homer* v. *Grosholz*, 38 Md. 527; *Brown* v. *Trustees*, 37 Md. 108, 124.

*Julian J. Alexander* and *Otto Hunckel* for the appellee.

1. The 1st exception was taken to the admission in evidence by the Court of photographs of plaintiff's house. As the defendant himself subsequently did the same thing he ought to be taken to have waived this exception, since a party cannot blow hot and cold on the same question. But since the Act of 1888, ch. 545, at least it has been the constant practice to offer photographs in evidence. The offer stands upon the same ground as the offer of a plat drawn to scale.

2. It will be insisted that the Court properly granted the plaintiff's prayers and rejected the defendant's contrary prayers. *Washburn Easements*, 565; *Price* v. *McConnell*, 27 Ill. 255; *Matt* v. *Hawkins*, 5 Taunt, 20; *Brown* v. *Otto*, 40 Md. 15.

3. The Court erred in granting the defendant's second prayer in the terms granted.   Since according to it, if the steps had been placed ten ·feet beyond the line of the division wall on plaintiff's land this would have been permissible under the agreement.

4. The power alleged to have been given in the deed to extend the wall of plaintiff's house southerly. *about* twelve feet was void, and the plaintiff's 3rd prayer ought to have been granted.   In *Moale* v. *Buchanan*, 11 G. & J. 327; "about" was held to go up to the number "seven.". *Wilson* v. *Inloes*, 6 Gill 157 ; *Budd* v. *Brooke*, 3 do. 231.

5. The Court refused to instruct the jury that if in extending the plaintiff's wall southerly the defendant built it materially lower than the height of the wall, he was not protected by the deed, on the ground that the plaintiff could not recover in trespass for an abuse of the authority given by the party.   But the authority given was to extend the *wall* of plaintiff's house, *i. e.*, the whole wall.   And therefore in not building this wall of the proper height, defendant was not acting under the license he had, and the truth of part of his justification was negatived.   Indeed such a limited right to enter, &c., was held in *Daniels* v. *Brown*, 34 N. H. 454; see *Lyford* v. *Putnam*, 35 N. H. 563, to be an authority given by law.

BOYD, J., delivered the opinion of the parties.

The appellee was the owner of a house and lot in the city of Baltimore which adjoined a vacant lot owned by the appellant which he was about to improve.   Some negotiations for the use of the wall of the appellee's house resulted in the execution of an agreement under seal between them, which was acknowledged and recorded in the Land Records of Baltimore City.   After reciting the ownership of the respective properties, Mr. Dorsey's desire to build a three-story brick building and that he " has agreed to purchase the right to use the westernmost wall of said Habersack's house as a party or division wall, and the right to build

into and against the same," Mr. and Mrs. Habersack, in consideration of thirty-five dollars, granted to him " the full right, privilege and license to place joists to the depth of four inches and to otherwise build into and against the westernmost wall of said Engelina Habersack's house above mentioned, and to otherwise use the same as a party or division wall; also to extend said division wall southerly for a distance of about twelve feet further upon said Habersack's ground; provided, however, 'the said William C. Dorsey will promptly repair, or cause to be repaired, all damages done to the said Engelina Habersack's house by reason of the exercise of the rights and privileges hereby granted him," etc.

The appellee, who was plaintiff below, sued the appellant for damages. The declaration, which is peculiarly drawn, contains three counts, and the defendant plead the general issue as to certain allegations and license under the above agreement or deed, as it is called in the plea, as to the others. The plaintiff claimed that the agreement had been altered after its execution, and a great deal of the evidence was on that question, which, however, is not before us. The first exception was taken to the ruling of the Court in admitting some photographs offered by the plaintiff. The objection to them is upon the ground that there was no evidence to show that they were correct and accurate ; but that on the contrary the testimony of the photographer was to the effect that he had altered the negatives. But there is nothing substantial in this objection, as there is sufficient evidence of the experience, etc., of the photographer to justify the Court in admitting them, and as both sides had photographs in evidence the jury could judge of their accuracy from the testimony of the witnesses.

The important question in the case is whether the Court below erred in granting the plaintiff's fifth prayer, which instructed the jury that if they found " that the defendant built on top of the west wall of the plaintiff's house a wall two or three feet in height and extended the materials of

said wall so built by him over the whole thickness of the plaintiff's said west wall for its whole length, and built upon the plaintiff's chimneys several courses of brick, increasing thereby the height thereof, then the defendant is not entitled to rely on said deed as a defence against his so building his said wall on the whole thickness of the plaintiff's said west wall or against his so building on the plaintiff's chimneys." The effect of granting that was to instruct the jury that the defendant had no right under the agreement to build on the wall of the plaintiff, or raise it higher than it was. In thus construing the agreement we think the Court erred. The plaintiff was not only authorized to place joists to the depth of four inches and to otherwise build into ·and against the wall, but to "*otherwise use the same as a party or division wall.*"

It is no longer an open question as to whether one having the use of a party wall can build on it. In the recent case of *Poultney* v. *Depkin,* decided at the October term, 1894, of this Court, and referred to in 80 Md., xviii, in the list of cases designated "Not to be Reported," which can be found in 30 Altantic Reporter, 705, the Court said in reference to an agreement that the defendant might have the right to use the wall of the plaintiff's warehouse as a party wall : " Under this agreement the defendant had the right, upon the payment or tender of the sum agreed upon, to use the wall for the purposes to which a party wall can be subjected *i. e.,* to build upon it or to insert his joist in it or even to tear it down and build a new wall; provided, the plaintiff's rights were properly protected, or he was paid all damages to which he might be thereby subjected."

It makes no difference whether the wall be partially on the land of each contiguous owner, or only on the land of one, for although the term " party wall," may ordinarily refer to the prior case, "A division wall may become a party wall by agreement, either actual or presumed, and although such wall might have been built exclusively upon the land of one." *Brown* v. *Werner,* 40 Md. 20. In this case the use

of the wall was purchased as a *party or division wall*, and the consideration agreed upon by the parties paid. The special mention of the right to place joists to the depth of four inches and to otherwise build into and against the wall cannot exclude or limit the other and important provision. In contracting for the use of the wall as a party wall it was perfectly competent for them to determine the depth to which the joists should be inserted, and although unnecessary to state it, as it would have been covered by the agreement for the use of the party wall, the provision to otherwise build into and against the wall does not exclude the general provision. Ascertaining the intention of the parties from the written instrument, as we must do, it is perfectly manifest the plaintiff intended to sell and the defendant intended to purchase the right to use the westernmost wall of Mrs. Habersack's house as a party wall. If there could be any doubt about it, the recital in the agreement would seem to settle it, as it says, " Whereas the said William C. Dorsey being the owner of a vacant lot of ground immediaaely adjoining the lot above described on the west, and anxious to erect thereon a three-story brick building, *has agreed to purchase the right to use the westernmost wall of the said Habersack's house as a party or division wall and the right to build into and against the same.*" There is nothing from which we can infer that it was intended to prohibit Mr. Dorsey from building his house higher than the appellee's. The only possible limitation as to the height that can be inferred is from the recital that it was to be a three-story house, which it is. The agreement protected the appellee by requiring Dorsey to promptly repair all damages done to her house by reason of the exercise of the rights and privileges, etc., granted to him.

The theory of the plaintiff's seventh prayer is •for the most part correct. In view of what we have said about the 5th, the reference to raising the wall might be misleading, and it might be more distinctly brought to the attention of the jury that the alleged loss for the " non-occupation of

her house by tenants " must be occasioned by the damaged
condition of the house owing to the acts of the defendant.
The defendant's fourth prayer was properly rejected. It
was the duty of the appellant, under the very terms of the
contract, to repair all damages done to the house, and such
an instruction would have been misleading. · It is not neces-
sary to discuss the defendant's fifth prayer or the second
interrogatory, and we do not understand that the exception
to the rejection of the third interrogatory is pressed in
this Court.

It is sufficient to say that it would be taking a very
broad view of chapter 185, of the laws of 1894, to suppose
that it required or authorized the Court to have the jury
determine the *amount* of injury occasioned by *some* of a
number of acts done by the defendant. In many cases it
might be impossible for them to determine definitely what
proportion of an alleged injury was sustained by one of
several acts. In this case the alleged damage done might
have been the result of building *on*, *into* and *against* the
wall and cutting holes in the same for joists, and not alone
from any one cause.

As the amount involved in this appeal is very small, we
regret the necessity of disturbing the verdict, but as there
was error in granting the plaintiff's fifth prayer, which may
have materially affected the result, we must reverse the
judgment.

> *Judgment reversed and new trial
> awarded with costs to the appel-
> lant.*

(Decided June 18th, 1896.)