[L. A. No. 1314.    Department One.—January 24, 1905.]

C. HENNE, Appellant, v. J. B. LANKERSHIM, Respondent.

INJUNCTION—ADDITION TO PARTY WALL—CONTRACT—CONTINUAL TRESPASS—EASEMENT.—Under an agreement, at the equal cost of both parties, to build a party wall to a specified height, there is no implied right of one party without the consent of the other to build it higher; and an injunction will lie to prevent the construction of a proposed addition to such party wall independently of the question of damages, on the ground that such construction is an invasion of the right of the plaintiffs, constituting a continual trespass upon his real property, which may ripen into an easement.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for an injunction *pendente lite* in an action for a perpetual injunction. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

John W. Mitchell, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order denying plaintiff's motion for an injunction *pendente lite*, in an action brought by him for a decree perpetually enjoining defendant from constructing a proposed addition of two stories to a party wall, and from making certain proposed opening in the proposed new portion of said wall.

The parties are the owners of adjoining lots in the city of Los Angeles. Each contemplating the erection of a building on his lot, a written agreement was entered into between them, in July, 1896, for the construction by defendant of a party

wall on the line dividing the lots, one half of said wall to be placed on plaintiff's lot and one half on defendant's lot. Under the terms of the agreement, defendant was to construct a wall of certain designated dimensions, varying in thickness from a footing of five feet four inches at the base to twelve inches at the top of the fire-wall, and according to certain specifications. The agreement specified the width of the wall from one story joist to another, to the under side of the fifth-story joist, and thence to the top of the fire-wall. Plaintiff agreed to pay to defendant the aggregate amount of two thousand seven hundred dollars, the same being made payable at various stages of the work, five installments being due when the wall was completed to the first, second, third, fourth, and fifth floor joists, respectively, one when wall was up to ceiling, and the last upon completion of the wall.

It was further provided that ''When said wall is constructed as aforesaid, the same shall be and remain as a party wall for the use and benefit of the respective parties to this contract, or their heirs, administrators and assigns in perpetuity.''

The agreement further provides that if it should ever become necessary to ''repair or rebuild said wall or any portion thereof,'' the expense should be borne equally by the parties. The wall was constructed, as agreed, five stories in height, and each of the parties erected upon his lot a five-story and basement building, using said wall therefor. In the year 1902 the defendant, contemplating the addition of two stories to his building was about to add two stories to said party wall, without plaintiff's consent. He further proposed to leave an opening of about thirty-six feet in length, extending from the bottom to the top of the addition to the wall.

Thereupon plaintiff commenced this action. It was claimed by plaintiff that the party wall was not capable of safely carrying the additional weight of two more stories, and that to permit the erection thereof on said wall would cause plaintiff's building great and irreparable injury. The evidence upon this question was conflicting to such an extent, that, under well-settled rules, the conclusion of the lower court thereon is not open to review.

If, however, defendant had no legal right, without the consent of plaintiff, to add to the height of the party wall, his so doing would be an invasion of plaintiff's rights, constituting

a continuing trespass upon his real property, which eventually would ripen into an easement. This alone, independently of any question as to other damage, would entitle plaintiff to an injunction preventing such threatened invasion.

We are satisfied that defendant was not entitled to add to the height of the wall. There is no material distinction between the facts of this case and those of *Frowenfeld* v. *Casey,* 139 Cal. 421. The rule that either party has the right, in the absence of agreement, to increase the height of a party wall, when it can be done without injury to the adjoining building, or impairing the strength of the wall, was fully recognized by this court in that case, but it was held that the effect of the agreements between the parties in that case was to limit the party wall to six stories. The agreements in that case did not, in terms, provide that the wall should not be carried to a greater height than six stories, but they did provide for the building of a six-story party wall. It was said by this court: "An agreement to build a party wall, with no limitation as to its height, would give the right by implication, to build it as high as would be necessary for the purposes for which it was to be used, provided it could be done without injury or danger to the property of the other party. An agreement to build a party wall for a height defined in the agreement does not give the right by implication to build it higher." The effect of that decision is clearly that where the agreement is for a party wall of a designated height, the designation of the height is, in the absence of other provisions, a limitation, beyond which neither party can go without the consent of the other. The agreement constitutes a conveyance of the easement to that height, and no more. It was said in that case: "The extent of defendant's easement, for the purpose of a party wall, is defined and measured by the agreement. Plaintiff owns the space on his own land above the six stories by the same title that he owns the remaining portions of his lot. He has not conveyed it to the defendant. He cannot be deprived of this property at the volition of defendant without due process of law."

The agreement in the case at bar was for a wall of designated dimensions, to be at once constructed to its full height by defendant, and for which plaintiff was to pay defendant a designated amount, and which wall, when so constructed, was

to be and remain the party wall. In other words, the party wall, as it was then to be constructed by defendant, was the thing concerning which the parties agreed, and for which the plaintiff was to pay his portion of the cost. That the wall then to be constructed was to be only five stories high, is, we think, apparent from the terms of the agreement. That such was the understanding of the parties is demonstrated by their contemporaneous conduct.

There is no pretense that the defendant did not fully perform his contract for the construction of said wall, by constructing the same to the height of five stories. Both plaintiff and defendant, apparently without question, construed the contract as calling for such a five-story wall to be then constructed, and accepted the building thereof as a full compliance by defendant with the provisions of the contract relating to the construction of the wall by him.

The written agreement being for a five-story party wall, the height was limited by said agreement to five stories.

This case and that of *Frowenfeld* v. *Casey,* 139 Cal. 421, differ from the cases relied on by defendant, in that in the latter cases there was no agreement which could fairly be construed as limiting the height.

What has been said renders it unnecessary to consider the question as to the right of defendant to leave any opening in the proposed addition to the wall.

The order appealed from is reversed.

Van Dyke, J., and Shaw, J., concurred.