## SORENSEN ET AL. *v.* J. H. LAWRENCE CO.

[No. 87, October Term, 1949.]

*Decided February 10, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Nathan Patz* for the appellants.

*W. Hamilton Whiteford*, with whom was *Due, Nickerson & Whiteford* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This suit was instituted in the Circuit Court No. 2 of Baltimore City to obtain a declaratory decree defining the rights of complainants and defendant under a party wall agreement, to restrain defendant from increasing the height of the existing one-story party wall, to compel defendant to tear down any construction already started, and to restore the wall to its original condition.

Complainants are Margaret J. Sorensen, owner of the property situated at 2600½ Huntington Avenue, and Christian P. Sorensen and J. Norris Fiol, copartners trading as Sorensen & Fiol, tenants of the property, who

joined in the suit on account of their right of occupancy. Defendant is J. H. Lawrence Company, a Maryland corporation.

The bill of complaint filed July 29, 1949, alleges: (1) that, under a written agreement entered into by former owners of Mrs. Sorensen's property with defendant, the one-story party wall, which the former owners had erected in 1926, could not be increased in height by defendant; (2) that while Mrs. Sorensen's property is two stories in height, the height of the party wall had been only one story throughout the entire period from the time it was erected in 1926 until July, 1949, when defendant started to erect an additional story on its building at 2600 Huntington Avenue, using the party wall as a supporting wall; and (3) that Mrs. Sorensen immediately notified defendant that its intended use of the party wall was improper and unjustified and in violation of her rights, and requested defendant to restore the wall to its former condition; but, in spite of her protests, defendant indicated its intention to proceed to increase the height of the wall.

Defendant, in its answer filed August 2, alleged that its building is being erected with the approval of the Buildings Engineer of Baltimore City, and that it does not violate in any way any contractual or property rights of complainants. Defendant further alleged that if this case is permitted to remain untried until the fall term of Court, defendant will be continuing the work of construction with the risk that the Court may adjudicate the case in favor of complainants. Defendant then charged that counsel for complainants was not cooperative in securing an early trial of the case. It, therefore, asked the Court to order that the case be heard on its merits on or before August 12, unless complainants filed a bond to indemnify defendant against any damages it might sustain as the result of the cessation of building activities. The Court passed an order *nisi* requiring complainants to show cause why the relief prayed for should not be granted.

On August 6 complainants, in answer to the order *nisi*, denied the charge that their counsel was not co-operative in arranging for an early trial of the case. They asserted that they and their counsel cordially desire to co-operate in efforts to have the case heard "subject to the order and the convenience of the Court and subject necessarily to the schedule of defendant's counsel." They further asserted that they will agree upon any date for the trial that does not conflict with existing commitments after the Courts reconvene for the fall term in September, it being the understanding of counsel that the Circuit Court No. 2 would not hear contested cases during the summer recess.

On August 8 the Court passed an order directing complainants to file a bond in the amount of $5,000 on or before August 10 to indemnify defendant against any damages it may sustain as a result of the cessation of its building activities in the event of a decision in favor of defendant upon the trial of the case.

On August 12 the Court, after complainants had failed to furnish the bond required, passed an order dismissing the case with prejudice. Complainants have appealed from the order of August 8 and the order of August 12.

In the instant case no injunction has been issued. In fact, complainants never even urged the Court to issue a preliminary injunction. The bond required by the Court was to enable complainants to further maintain the pending proceedings in order to secure a hearing upon the merits. The Court had no authority whatever to require that a bond be filed solely as a condition to the maintenance of the suit.

For these reasons we will reverse the orders appealed from, and remand the case for further proceedings.

*Orders reversed and case remanded, with costs.*