JOHN HERR AND WIFE,
          vs.                              JULY TERM, 1851.
LEMUEL BIERBOWER.

[INJUNCTION TO RESTRAIN TRESPASS.]

AN injunction will not be granted to restrain a mere trespass, where the injury is not irreparable and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, in the ordinary course of law.

But if the trespass goes to the destruction of the inheritance, or the mischief be not susceptible of perfect and adequate pecuniary compensation at law, or if the acts done or threatened to the property be ruinous, or irreparable, or impair its just enjoyment in future, the Courts of Equity will, without hesitation, interfere by injunction.

Taking possession of a portion of a city building lot, and digging upon it a foundation, and erecting a building upon such foundation, thereby reducing the front of the lot so as to prevent the plaintiff's building upon it himself in the most advantageous mode, goes to the destruction, *pro tanto*, of the estate, and impairs the just enjoyment of the property in future, and will be restrained by injunction.

But the erection of a fence of wood upon a part of such lot, and the admission of such a trespass, does not, *per se*, furnish a sufficient claim to the aid of a Court of Equity by injunction.

[The bill, in this case, was filed for an injunction to restrain the defendant from building upon, or otherwise dispossessing the complainants of a certain lot, situated in the city of Baltimore. The allegations of the bill and answer are fully stated in the opinion of the Chancellor, delivered upon the hearing of the motion to dissolve the injunction which had been granted upon the bill.]

THE CHANCELLOR:

The question which arises in this case, is one which has repeatedly engaged the attention of this Court, and has been deliberately and carefully considered upon several occasions.

Though difficulties and doubts may and do arise in the application of the principle by which such cases must be governed,

there can now, since the cases of *Amelung* vs. *Seecamp*, 9 *G. & J.*, 468, and *Hamilton* vs. *Ely*, 4 *Gill*, 34, were decided, be no controversy about the principle itself. It being now conclusively settled "that an injunction will not be granted to restrain a mere trespass, where the injury is not irreparable and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation in the ordinary course of law." "It must," say the Court, in the first of the above-named cases, adopting the language of Chancellor Kent in *Jerome et al.* vs. *Ross*, 7 *Johns. Ch. Rep.*, 315, "be a strong case of trespass, going to the destruction of the inheritance, or the mischief is remediless, to entitle the party to interference by injunction." Or, as the principle is stated by Judge Story, "that Courts of Equity interfere in cases of trespass, that is to say, to prevent irreparable mischief, or to suppress multiplicity of suits, and oppressive litigation;" 2 *Story's Eq., Sec.* 928.

But if the trespass does go to the destruction of the inheritance, or the mischief be not susceptible of perfect pecuniary compensation, and for which the party cannot obtain adequate satisfaction in the ordinary course of law, or if, in the language of the section just quoted from the commentaries of Judge Story, "the acts done, or threatened to the property, would be ruinous, or irreparable, or impair the just enjoyment of the property in future," the Courts of Equity will, without hesitation, interfere, as otherwise there would be, as is said by the author, "a great failure of justice in the country."

The facts stated in the bill, in the case now before this Court, in my opinion, bring it within the principle thus settled. After setting forth their title, and describing specifically the location and dimensions of their lot, and the location and lines of the lot claimed by the defendant, the bill proceeds to say that the defendant, disregarding the courses and distances of the lines of these lots, had entered upon, and disseized the plaintiffs of three feet of the front of their lot, more or less, and had commenced digging a foundation, and building a dwelling or other house, on a part of the plaintiffs' lot, and had encroached on

another part by placing upon it a fence of wood, &c., "and that the value and use of their lot, as a building lot, was permanently injured by the deprivation of three front feet as aforesaid, there no longer being space there to erect two dwellings of twelve and a half feet front, such as are erected and rent readily in that neighborhood."

Now, it appears to me very clear, that upon this statement of facts the plaintiffs were entitled to the interference of this Court by injunction, to prevent the threatened mischief. The acts complained of went to the destruction of the plaintiffs' estate. Taking possession of a portion of their lot, and digging upon it a foundation for a building, and erecting a building upon that foundation, thereby reducing the front of their lot so as to prevent their building upon it themselves, in the mode which would be most advantageous, surely goes to the destruction, *pro tanto*, of the estate, and "injures the just enjoyment of the property in future." It is not a mere trespass for which pecuniary compensation may be obtained in the ordinary course of law; but the plaintiffs' estate would be destroyed to a certain extent, by rendering it unfit for the erection of two houses, in which way, they swear, it would be the most profitable to improve it. And it is no answer to say, that if the plaintiffs recover the land in dispute in an action of ejectment they would get the wall which the defendant put upon it, because that wall, if suffered to remain, would still prevent their erecting two houses upon their lot. The wall would have to be removed, and the foundation filled up, before they could have the just use and enjoyment of their property.

But though the bill, in my opinion, does state facts which entitle the complainants to the aid of this Court by injunction, the case wears a very different aspect when considered in connection with the answer. The answer first denies the disseizin as charged, and it likewise expressly denies "that the defendant has commenced digging a foundation, or building a dwelling or other house on any part of any lot belonging to the complainants or either of them," &c. And then, after stating that the defendant, and those under whom he claims, have been

in undisputed possession of the strip of land in question for upwards of forty years, and when he purchased and took a deed for said lot there stood upon it a house, extending over and covering said disputed strip of land, which said house had occupied its then position for more than forty years, "that having purchased the premises aforesaid, he (the defendant) took possession thereof and of the house thereon, with the consent of all the heirs and representatives of the former owner, under whom he claimed, and being desirous to improve said property, he pulled down a portion of the old house in order to rebuild the same, but as before, he denies that he has commenced digging a foundation or building a dwelling, as in said bill is alleged," "the old foundations of the former building remaining in the ground where they have always been, the defendant not having removed or interfered with them, but intending merely to put new walls upon them in lieu of the upper walls of the building, taken down as aforesaid; the end wall on the side claimed by the complainants being still standing."

Such is the case presented by the bill and answer, and it will be seen that, according to my view of the equity of the bill, there no longer remains a foundation upon which it can rest, and that the injunction must be dissolved, unless, indeed, the answer is overcome by the depositions which have been taken under the order of the 9th of June last.

The bill alleges that the defendant, without right or title, entered upon a portion of complainants' lot disseized them, and commenced digging a foundation and building a dwelling, &c. The answer says that this is not so; that defendant, and those under whom he claims, have been in possession of this property for upwards of forty years; that he has not commenced digging a foundation and building a house as charged, but that he simply pulled down the walls of an old house which had occupied the same site for upwards of forty years upon the said lot, and only proposes to put new walls upon the old foundation. There is, therefore, so far as digging a foundation

and erecting a house is concerned (if the answer is to be credited), no encroachment upon the plaintiff's possession, and no injury which has not existed and been acquiesced in for a period which, under ordinary circumstances, would ripen into perfection a title originally defective.

The plaintiffs' counsel, it is true, makes an agreement to show that the deeds which the defendant relies upon do not clothe him with the title, but that is a question properly determinable by another tribunal. This Court cannot interpose its extraordinary power, unless it be to prevent an admitted or proved injury, which cannot be redressed in the ordinary course of law. If it be true that the defendant, and those under whom he claims, have held this piece of property for the period stated in the answer, and he is only about to pull down and re-erect, upon the old foundation, a house which has stood there so many years, surely a Court of Chancery should withhold its hand, and leave the parties to litigate the matter at law. The question in that event is a purely legal one, with which this Court has nothing to do.

Upon an examination of the proof, there would seem to be no doubt that the statement of the answer with regard to the possession, and with reference to the fact that the new walls are about to be erected upon the old foundation, are substantially if not literally true, and therefore the ground upon which the title of the plaintiffs to the interposition of the Court rested, is removed.

The fact that the trespass with regard to the fence is admitted certainly *per se*, furnishes no sufficient claim to the aid of a Court of Equity by injunction. This is unquestionably no destruction of the inheritance, or irreparable injury for which the Courts of law are incompetent to compensate in damages. On the contrary, it is a mere ordinary trespass, for which a jury is the peculiar and appropriate tribunal to give redress.

Several questions have been presented and ingeniously discussed by the counsel in their written arguments, into an examination of which I do not propose to enter, having, in what

has been said, indicated the grounds upon which my opinion rests. An order will be passed dissolving the injunction.

BARRY, for Complainant.
WALLIS and THOMAS, for Defendant.