## SAMUEL H. LONG *vs.* ELIZABETH V. L. RAGAN.

*Construction of Deeds Conflicting in Their Boundaries—Injunction to Restrain Trespass.*

The owner of a parcel of land in a city conveyed a portion thereof to de-fendant's predecessor in title describing the same as fronting about 41 feet on a certain street, and in the deed to the defendant it was de-scribed as having a front of 41 feet, more or less. In the deed to the plaintiff conveying the adjoining part of the lot, it was described as having a front on the street of 46 feet. When defendant began to build on his lot, it was found that to use a front of 41 feet would encroach about eight inches on the 46 feet front claimed by the plaintiff. *Held*, that the description in the deed to the plaintiff of 46 feet, being defi-nite, should prevail over the description of about 41 feet in defendant's deed and that the plaintiff is entitled to a frontage of 46 feet, of which he had been in possession.

An injunction will be granted to restrain the defendant from building be-yond the true lines of his lot of ground and on that belonging to plain-tiff, an adjoining owner.

Appeal from a decree of the Circuit Court for Washington County, (STAKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*George W. Smith, Jr.,* for the appellant.

*C. A. Little,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed on the 19th of June, 1901, in the Circuit Court for Washington County by the appellee against the appellant for an injunction to restrain the appellant from building a house on a lot of ground on West Washington street, in Hagerstown, Md., alleging trespass upon the adjoining lot, belonging to the appellee.

The bill alleges that the appellee is the owner and possessor of a lot of ground situate on the south side of West Washington street, Hagerstown, fronting forty-six feet on said street and running back two hundred and forty feet to an alley, adjoining on the west property belonging to David Zeller, and on the east property belonging to the appellant, and known and designated as a portion or half of Lot No. 89, on the plan of the town of Hagerstown; that the appellant is the owner of an adjoining lot on the east side of the appellee's lot and fronting forty-one feet, more or less, on the south side of West Washington street, in Hagerstown, it being the western half or portion of Lot No. 90 on the plan of the town of Hagerstown.

The bill further alleges that the defendant is now engaged in erecting a new house on his lot of ground and in the erection of this building, and in the building of the foundation walls the defendant has, in disregard of his own deed and in violation of the plaintiff's rights, crossed the dividing line of the two lots a distance of ten inches and has put up the foundation walls and is now engaged in the erection of the new house, in part upon the plaintiff's lot and lands, thereby enlarging the frontage of the defendant's lot and diminishing the frontage of the plaintiff's lot on West Washington street.

The bill also charges that the erection of the building, the digging of the cellar, and the construction of the foundation walls, will cause irreparable damage to the rights and property of the plaintiff and that she is without remedy except in a Court of equity. The prayer of the bill, in addition to the prayer for general relief is for an injunction to restrain and enjoin the defendant from proceeding further in the erection of the house upon the plaintiff's lot.

The defendant in his answer admits that the plaintiff is the owner of the lot of ground, as alleged in the bill, but denies that this lot has a frontage of forty-six feet on Washington street. The answer further denies that the defendant has trespassed on the plaintiff's property or crossed the line divid= ing the two lots of ground, on the lot of the plaintiff, in the building of the wall, but that he is within the lines of his own property as the same is designated on the plan of Hagerstown. It also denies that the plaintiff is entitled to the relief prayed or any relief at all.

The plaintiff obtained a preliminary injunction on the 19th of June, 1901, which was subsequently made perpetual, after a hearing of the case on a motion to dissolve and on answer filed and proof taken, and it is from the decree thus granted that this appeal has been taken.

The main question presented on this appeal is whether the appellee has made out a case for equitable relief by writ of injunction. The law is well settled that an injunction will not issue to restrain a trespass simply as such, but it will be granted where the injury alleged is irreparable, or where full and adequate relief cannot be had at law or where the trespass is of a character to work destruction of the property as it had been held and enjoyed or where it is necessary to prevent a multiplicity of litigation. *White* v. *Flannigain*, 1 Md. 525; *Shipley* v. *Ritter*, 7 Md. 408; *Clayton* v. *Shoemaker*, 67 Md. 216; *Balto. Belt R. R. Co.* v. *Lee*, 75 Md. 596.

According to the testimony in this case it is impossible that each party can have the frontage on West Washington street called for in their deeds. The plaintiff's deed is dated the 31st of January, 1894, and conveys " all that certain piece or parcel of ground, situate and being on the south side of West Washington street in the town of Hagerstown, being the east- ern half or portion of the lot on the plan of the town as Lot No. 89, the said portion hereby sold and conveyed, measuring *forty-six feet front* and two hundred and forty feet deep," &c., &c.

The defendant's deed is dated on the 7th of February,

1901, and the property conveyed thereby is described "as all that half lot or parcel of ground situate on the south side of West Washington street, in Hagerstown, adjoining on the west the property of E. V. L. Ragan, and on the east the property of Dr. J. McPherson Scott, fronting *forty-one feet,* more or less, on said Washington street and running back southwardly two hundred and forty feet to an alley, being the western half of the lot known and designated on the map of Hagerstown, as lot No. 90." In a former conveyance of the identical lot, the land therein described, is stated to be the half lot or portion of ground No. 90, fronting on Washington street, about forty-one feet.

So far, then, as the deeds in the case show, the title of the appellee to a frontage of forty-six feet on the south side of West Washington street, in Hagerstown is certain and beyond any dispute, while the appellant's frontage to his lot is given by one deed at about forty-one feet, and by another forty-one feet more or less. Under this state of case, we think it is clear that the more definite and certain description in the deed calling for forty-six feet, will prevail over the uncertain expression of "about forty-one feet" or "forty-one feet, more or less."

Besides this, the proof in the case shows that the appellant has taken possession, in the erection of the new house of a portion of the appellee's lot, thereby reducing and diminishing the frontage of this lot on West Washington street, from five to eight inches.

It is clear, we think, that a trespass of this character works a destruction of the property as it had been held and enjoyed by the owner, and that full and adequate relief could not be had at law. In *Herr* v. *Bierbower*, 3 Md. Ch. 458, the Chancellor said : "Taking possession of a portion of their lot and digging upon it a foundation for a building and erecting a building upon that foundation, thereby reducing the front of the lot so as to prevent their building upon it themselves, in the mode which would be most advantageous, surely goes to the destruction, *pro tanto*, of the estate and injures the just

enjoyment of the property in the future. It is not a mere trespass for which a pecuniary compensation may be obtained in the ordinary course of law, but the plaintiff's estate would be destroyed to a certain extent, by rendering it unfit for the erection of two houses. And it is no answer to say that if the plaintiffs recover the land in dispute in an action of eject- ment they would get the wall which the defendant put upon it, because that wall, if suffered to remain would still prevent their erecting two houses upon their lot. The wall would have to be removed and the foundation filled up, before they could have the just use and enjoyment of their property."

We think, therefore, upon a careful examination of this case, that there was ample ground for the injunction granted by the Court below and the order appealed from will be affirmed.

*Order affirmed, with costs.*

(Decided January 17th, 1902.)