## M. HENRY DOUGLASS and GEORGE R. NELSON
### *vs.*
## ARINTHA ·J. RIGGIN.

*Rights of way: appurtenant to land; right of grantees of domi-*
*nant estate; rights in common; "improvement";*
*injunction to restrain.*

Where a grantor, by an absolute grant, vests in the grantee, as appurtenant to a lot conveyed, an easement in a strip of land described as a street, in common with the owner of the opposite side, for the purpose of egress and ingress, it is immaterial whether such a street was "laid out" in fact or not, where it expressly appears from the grant that an easement is made appurtenant to the abutting land, and the right so created passes to the grantees of the dominant estate.                    pp. 21, 23

Where parties have an easement or right of way in common, the action of one in improving the right of way in a manner so as to prevent the customary use of it by the other, presents a case properly admitting of relief by injunction.          p. 23

Where a grantor conveys to a grantee, in common with others, a right of way over other lands, the fact that part of the way is obstructed does not affect the grantee's right to continue the use of the easement adjoining the land conveyed to him.
                                                pp. 21, 22

The "laying out" of a proposed street generally means the adoption of its outline and location, and not the work of construction or improvement.                    p. 23

*Decided March 18th, 1914.*

Appeal from the Circuit Court for Somerset County. In Equity. (STANFORD and JONES, JJ.)

The facts are stated in the opinion of the Court.

The cause was submitted on brief to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and CONSTABLE, JJ.

*Thomas S. Hodson,* submitted a brief for the appellants.

*Miles & Myers* and *Clarence P. Lankford,* filed a brief for the appellee.

URNER, J., delivered the opinion of the Court.

The appellants and the appellee are the owners of adjacent properties fronting on the south side of Main Street in Crisfield. Upon the lot of the appellants is a structure known as Odd Fellows' Hall, and that of the appellee is improved with a dwelling house and millinery store. Between the buildings, of the respective parties, is a vacant space twenty feet in width extending from the street to the rear limits of the lots, a distance of one hundred feet. The appellee claims the right to use this space as an alley in connection with her property, and in this proceeding seeks to have the appellants restrained by injunction from obstructing such use by continuing certain work which was in progress at the time of the filing of the bill.

In 1876 James K. Rayfield, who was then the holder of the record title to all of the block of which the lots and disputed ground form a part, conveyed by deed, to Purnell Johnson, a lot fronting seventy-six and a half feet on the south side of Main Street, bounding one hundred feet on the east side of Fifth Street and described as covering half the width of the whole lot then owned by the grantor "except ten feet, which," as the deed provided, "is to be used with an additional ten feet, making a twenty-foot street through the entire lot." Prior to the execution of this deed the grantor had sold, but had not conveyed, to Thomas S. Hodson, the eastern half of the block to the depth of one hundred feet from Main Street, reserving to the grantor, as the proof shows, and as the deed subsequently given recites, "the right to ten feet on the southwest side for a street whenever he may desire to open the same." In the deed from Rayfield to Johnson it is stipulated that the street for which it makes provision "is to be used in common between the aforesaid lot and Hon. T. S. Hodson's lot on the east side of said twenty foot street." By deed dated July 3rd, 1885, the appellee acquired from

Purnell Johnson the portion of his lot fronting thirty-six feet on Main Street, and binding on the "twenty-foot street," to the depth of one hundred feet, together with all the grantor's interest in the street thus defined. The appellants hold title to the Odd Fellows' Hall property under a deed executed in 1892, which describes their lot by reference to the conveyance from James K. Rayfield to Thomas S. Hodson.

. It was the evident intent and effect of the grants and reservations thus mentioned to establish a way twenty feet wide between the lots in question for use in common by the owners as appurtenant to their respective properties. The proof in the record shows that the area thus set apart has in fact been used for many years by the appellee as an alley-way from the street to the rear of her premises for general purposes of ingress and egress including the hauling and delivery of fuel and merchandise.

The deeds under which the appellants claim conveyed the fee in the eastern half of the way subject to the reservation quoted. There was no corresponding conveyance of the fee in the western half of the street space by the deed under which the appellee obtained title, but the grant of an easement in the street as appurtenant to her own and the opposite premises is clear and explicit. In December, 1911, the appellants acquired the fee in the western half of the area in controversy from the successors in title of James K. Rayfield. Several months later they began the construction of a concrete pavement across and within the northern end of the alley adjacent to Main Street. The pavement thus projected, and partly completed, was on a level with the existing sidewalk on Main Street, but as it extended into the alley space its surface was at an elevation of eighteen inches to two feet above the ground, and it consequently prevented the use of the alley for the passage of teams.

The appellants contend that the appellee has no interest in the vacant area between the two properties and that she is, therefore, not entitled to object to the improvement they

have undertaken as the owners of the fee. Their denial of
the appellee's right to an easement in the reserved space is
basd upon the theory, first, that the purpose of the reserva-
tion was merely to retain in the original grantor the privi-
lege to open a *street* upon the described location and that this
right was never exercised; and, secondly, that even if an
easement to use the vacant area as an alley was conveyed by
the common grantor to the appellee's predecessor in title,
it was a mere personal right which could not be transferred
to the appellee by the deed under which she claims. In view
of the plain terms and purpose of the deeds by which the
interests of the parties are to be ascertained, we are unable
to sustain either of the contentions just stated. The deed
from Rayfield to Johnson was executed and delivered at
a time when the grantor held title of record to all of the
ground involved in this suit. By that deed he vested in the
grantee, as appurtenant to the lot conveyed, an easement in
the strip of land described as a street in common with the
owner of the lot on the opposite side. Whether the space
thus defined can be properly characterized as a *street* is not a
question of vital importance. The designation of the way
as an "alley" would have been more correct, as it is only
twenty feet wide and is located in a narrow block midway
between existing public thoroughfares. But regardless of
the name applied to the reserved ground, it was the manifest
intent of the grant to confer upon the abutting proprietors
the right to use it for the purposes of ingress and egress in
connection with their respective premises. The interest
thus conveyed was not made dependent upon any future
action by the grantor in reference to the opening of the street.
It was an absolute grant vesting an unconditional right to
the use of the area in common by the owners of the adjacent
lots. The fact, as shown by the proof, that the portion of the
described way extending through the block southwardly from
the lots of the present parties has not been used in that di-
rection, but is closed for the greater part of its course by
fences and buildings, cannot affect the appellee's right to

continue the exercise of her easement in the alley adjoining
her property according to the terms of the grant. Her right
to use the way as an available means of access to the street
on the north is not to be denied merely because the purpose
to extend it to the south has not been given effect.

It is urged that while the deed from Rayfield to Johnson
upon which the appellee relies was prior in date to that given
Mr. Hodson for the lot now owned by the appellants, yet the
Johnson deed was subsequent to the sale and delivery of pos-
session of the latter lot to Mr. Hodson, and is subordinate to
the terms of his agreement of purchase, which simply reserved
to the vendor the right to use ten feet of the western side of
the lot, to open a street whenever he desired to do so, and that
the privilege thus reserved was never exercised by the open-
ing of the way as a street. If it be assumed that Mr. John-
son received his conveyance with actual or imputed knowledge
that Mr. Hodson was the equitable owner of the fee in the
ten feet of ground along the western margin of his lot, sub-
ject to the reservation stated, and that the Johnson deed
must be held to be subject to the Hodson purchase, we fail to
find any conflict between the deed and the terms of the prior
reservation as to the use of the area to which it refers. In
the sale to Mr. Hodson the right reserved to the vendor was
to appropriate ten feet along the western side of his lot for a
street, while in the deed to Mr. Johnson the grantor actually
makes such an appropriation in connection with a corre-
sponding strip of ground adjacent to the lot then being con-
veyed. It is declared in the deed that the area thus con-
tributed equally from the two lots should be used as part of
a street twenty feet wide through the entire block. This was
undoubtedly intended as an exercise of the right retained by
the common owner of the lots to devote the reserved portion
to the purposes of a street or way for the benefit of the ad-
jacent properties. It constituted an opening of the street for
the use of the lots according to the evident sense in which
the term "open" was used in the reservation under the agree-
ment of sale. It was plainly employed in this connection as

equivalent to the "laying out" of the proposed street, and this has been defined to mean "the adoption of outlines or locations and not the work of construction or improvement." *Oberheim* v. *Reeside,* 116 Md. 273; 5 *Words and Phrases,* 4037.

The contention that the right to the use of the way was personal to the first grantee and could not be transferred to the appellee by the succeeding conveyance is answered by the terms of the prior deed which, as already indicated, expressly make the easement appurtenant to the abutting land. Where such an intent appears from the grant it is well settled that the right thus created will pass to subsequent grantees of the dominant estate. *Ross* v. *McGee,* 98 Md. 395; *Halle* v. *Newbold,* 69 Md. 270.

The final point made by the appellants is that even if the appellee has a right to the use of the alley in question, yet the obstruction of which she complains does not cause such irreparable injury as to entitle her to an injunction. It is not denied that the work in progress at the time the bill was filed did in fact prevent the appellee from making use of the way in the accustomed manner, but it is suggested that the bed of the alley could be regraded so that the new concrete pavement would no longer be an obstacle. The right of the appellee, however, to continue the use of the way is vigorously disputed. It is not a case in which the owners of the fee in the ground are attempting to improve it with due regard for the rights of the party entitled to an easement. The appellants were proceeding with the work upon the distinct theory that the appellee has no interest in the premises which they are required to recognize. As their action was in direct opposition to her right and was effectually preventing her customary use of the way, the case properly admits of relief by injunction. *White* v. *Flannigain,* 1 Md. 543; *Baltimore Belt R. Co.* v. *Lee,* 75 Md. 600; *Schaidt* v. *Blaul,* 66 Md. 147; *Long* v. *Ragan,* 94 Md. 464; *Oberheim* v. *Reeside,* 116 Md. 275.

*Decree affirmed, with costs.*