JAMES C. WIGHTMAN, Respondent, v. THOMAS W. CAMPBELL, Appellant.

Ejectment — evidence — when field book entries made by a deceased surveyor are admissible in evidence — testimony of a witness who by aid of the deceased surveyor's notes had run out boundary lines shown thereby and located a disputed corner of property in question — insufficient objection to such testimony.

1. Field book entries made by a deceased surveyor for the purpose of a survey on which he was professionally employed, are admissible in evidence as being made in the discharge of professional duty.

2. A surveyor testified in an action of ejectment that he had, with the aid of a copy of the field notes of a deceased surveyor, run the lines and located a disputed corner in accordance with plaintiff's claim. After he had without objection testified that he had followed the courses as indicated by these notes, a general objection was made to " all that proof." *Held*, that this objection and the exception thereto applied to further reference to the field notes and that it was not necessary to move to strike out the answer already given in order to raise the question of admissibility of such evidence. While, however, the objection was available to defendant and was not waived by the subsequent admission of the field notes without further objection, it was insufficient to raise the question

that the evidence based on the survey was hearsay as that point might have been obviated by laying a proper foundation for the testimony.

*Wightman* v. *Campbell*, 161 App. Div. 49, affirmed.

(Argued March 8, 1916; decided March 21, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 16, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James O. Sebring* for appellant. The court erred in receiving the evidence as to the Arnold survey and the testimony of Ogden as to his survey made from the Arnold notes and the map made by Odgen from said notes, and the objection thereto was sufficiently definite and specific. (*Stephens* v. *Ely*, 162 N. Y. 79; *Davis* v. *Reflex Camera Company*, 105 App. Div. 96; *Caccia* v. *Isecke*, 123 App. Div. 779; *Date* v. *New York Glucose Company*, 204 App. Div. 207; *Schultz* v. *Union Railroad Company*, 181 N. Y. 33; *M. Groh's Sons* v. *Groh*, 177 N. Y. 14; *Gearty* v. *Mayor, etc., of New York*, 183 N. Y. 233; *Taylor* v. *New York Central & H. R. R. R. Co.*, 63 App. Div. 586; *Crawford* v. *Met. El. R. Co.*, 120 N. Y. 624; *Porter* v. *Valentine*, 18 Misc. Rep. 213.)

*M. A. Leary* for respondent. An objection not made till after the answer was given is unavailing. The defendant's remedy was to move to strike out the evidence. (*Link* v. *Sheldon*, 136 N. Y. 1; *Buckley* v. *Westchester Lighting Co.*, 93 App. Div. 36.)

POUND, J. Plaintiff, who is eighty-six years of age, brings this action in ejectment, claiming possession as tenant by the curtesy of about three-quarters of an acre of land on the west shore of Lake Keuka in Yates county, on which the defendant has erected a small

cottage. The question is as to where the boundary line between the lands of the parties is located with reference to the present outlet of Basswood creek. To answer that question it becomes necessary to locate the northeast corner of the farm of James Taylor by reference to the outlet of Basswood creek as it was in the year 1851. Plaintiff contends that Basswood creek then emptied into the lake. Defendant contends that the stream never emptied into the lake, but that it emptied, as it does now, into a basin some rods to the north of the point where plaintiff locates the former outlet. Many witnesses were called on each side. The plaintiff's witnesses recalled distinctly the time when the creek ran into the lake and the defendant's witnesses, whose opportunities for observation were equally good, were certain that the creek never ran into the lake. The learned trial justice carefully instructed the jury how to test the credibility of a witness who speaks "of his boyhood days and what his young eyes then saw." He reminded them that human recollections vary and that they must determine from the evidence where the northeast corner of the Taylor farm was located in 1851. This they did by their verdict in favor of plaintiff. The judgment appealed from should be affirmed, but a statement of our reasons therefor seems proper.

Appellant contends that the judgment must be reversed on the ground that material error was committed in receiving the evidence of Lorimer Ogden, a surveyor, who testified how he located the northeast corner of the Taylor farm as claimed by plaintiff, with the aid of certain field notes made in the year 1851 by Isaac Arnold, a deceased surveyor, who in his lifetime surveyed farms in Yates county and vicinity. Plaintiff was permitted to prove without objection that Ogden had in the year 1885 correctly copied the original field notes of the Taylor farm produced by Arnold's son, and that the original book was lost or destroyed. No objection is made to

31

the evidence as secondary or to the competency of the witness. Plaintiff then sought to have Ogden testify that he took the courses from Arnold's survey and ran them. The following question was asked and answered:

"Q. In making this survey you followed those courses, did you, as indicated upon Arnold's notes?

"A. Yes, sir."

Defendant's counsel then said: "We object to all that proof as incompetent, inadmissible and improper." The objection was overruled and exception taken. Then, without further objection and without a motion to strike out either the answer, "Yes, sir," given before the objection was made or the answers following, Ogden testified how he had, with the aid of the notes, run the lines and located the disputed corner in accordance with plaintiff's claim.

(1) When an objection is taken after the testimony is given, a motion to strike out should be made (*Link* v. *Sheldon*, 136 N. Y. 1, 9), and it is urged that defendant's failure to make such motion deprived him of the benefit of his exception. But the objection here was to further reference to the field notes by Ogden in giving his testimony, and the ruling clearly implied that the court would receive such evidence over defendant's objection and exception. The answer already given was in itself unimportant. A motion to strike out was, therefore, unnecessary, and the failure to make such motion was inconsequential. The objection pointed out generally that defendant objected to all of Ogden's testimony based on the notes, and it was sufficient to give defendant the benefit of his exception, if the general objection was good and sufficiently definite.

(2) The rule is well settled that when evidence is received under a general objection, the ruling will not be held erroneous unless there is some ground which could not have been obviated if it had been specified, or unless

the evidence in its essential nature is incompetent. (*Tooley v. Bacon,* 70 N. Y. 34.) The evidence of Ogden was clearly open to the specific objection that it was hearsay for which no proper foundation had been laid. He knew nothing of the location of the lines he was testifying about except as he was informed by the memoranda of another. But if the objection had been made in this form, it could have been, or at least it might have been, obviated by laying a proper foundation for the introduction in evidence of the Arnold notes.

(3) Field book entries made by a deceased surveyor for the purpose of a survey on which he was professionally employed, are admissible in evidence as being made in the discharge of professional duty. (Stephen's Digest of the Law of Evidence, arts. 25, 27; *Price* v. *Earl of Torrington,* [1703] 1 Salk. 285; *Mellor* v. *Walmesley,* L. R. [1905] 2 Ch. 164; *Walker* v. *Curtis,* 116 Mass. 98; *People* v. *Holmes,* 166 N. Y. 540.) If the proper foundation had been laid for the introduction of the notes in evidence, as easily might have been done by showing that they were made within the scope of professional employment, and the notes had been put in evidence, the witness, himself a surveyor and competent to interpret them, could have testified therefrom as to the location of the boundary lines of the Taylor farm, and the evidence would have been entirely proper. The general objection was, therefore, insufficient to abridge the right of the plaintiff to the evidence in his possession.

(4) Later on, when defendant had the case, the record discloses that the Arnold survey was put in evidence without objection, apparently by the court, and it is urged that any possible error in the previous ruling was thereby obviated. Of course this survey in itself was unintelligible without Ogden's testimony Defendant's objection was directed to the latter and not to the admission of the notes themselves. He seems to have sought to get the notes before the jury in order to show that they

were intrinsically meaningless, .certainly not in order to supply a foundation for Ogden's testimony. If it had been essentially error to receive Ogden's testimony over defendant's objection, the exception would have survived the introduction of the notes, for the court would not attribute to counsel an intention foreign to his obvious purpose in permitting the notes to go into evidence and thus deprive him of his exception. Defendant's theory on the trial, as indicated by his requests to charge, seems to have been that the notes themselves were the best and only evidence of what they contained and that, therefore, although in themselves they proved nothing to the lay mind as to where the outlet of Basswood creek was in 1851, Ogden should not have been allowed to testify therefrom. So far as the objection was based on this erroneous theory, the court was fully justified in overruling it and the subsequent introduction of the notes had no bearing thereon.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN and CARDOZO, JJ., concur.

Judgment affirmed.