CLARENCE L. CRISE et al.

*vs.*

CHARLES W. SLAGLE and RANDOLPH BARTON, JR., Trustee.

*Injunctions: no--, when nugatory.*

An injunction will not be issued when the acts which are sought to be enjoined have already been committed.        p. 454

*Decided December 13th, 1916.*

Appeal from Circuit Court No. 2 of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*John Watson, Jr.,* and *Samuel K. Smith,* for the appellants.

*Randolph Barton,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

After the passage of the decree by JUDGE BOND in the case of *Slagle* v. *Crise, ante,* p. 443, the appellants in that case continued their advertisement of the sale of the property therein described, under the decree in that case, because of the alleged default of Crise to insure and keep insured such property for

the benefit of the mortgagee, as covenanted in the mortgage. Whereupon the appellants here filed their second bill asking that the mortgagee and trustee named in the decree be restrained from selling said property thereunder, because of such alleged default. The bill was filed on the 5th day of July, 1916, and at 11:30 o'clock A. M. of that day, the day upon which the property was to be sold, it was presented to JUDGE DUFFY, who was at that time sitting in Circuit Court No. 2, for his consideration. As disclosed by the record the learned Judge endorsed thereon "application for injunction refused because presented to me at 11:30 A. M. on day of sale." It is from this action of the Court that this appeal is taken. The record in No. 40 also discloses that there has been a sale of the property under said decree. It would therefore be futile for us to pass upon the action of the Court in refusing the injunction, for even should we determine that he was in error in so doing, no injunction should now issue after the sale has been made.

In the argument of the case before us it was said that the appellants here had filed exceptions to the ratification of said sale, but if not, the same may now be filed, and under such exception the question presented by the bill may be fully determined.

The appeal will therefore be dismissed.

> *Appeal dismissed, each party to pay one-half of the costs, both in this Court and in the Court below.*