JAMES S. GOSNELL, JR., ET AL. *vs.* OLIVER P.
ROBERTS.

*Easements—Representations  by  Vendors—Estoppel.*

Vendors of land who induced the purchase by their repre-
sentations to the purchaser that certain alleys, actually then
existing, were appurtenant to the land, are estopped to inter-
fere with the use of the alleys by the purchaser, and an injunc-
tion may issue to restrain such interference, without regard to
whether the vendors, at the time of conveying the land to the
purchasers, were the owners of the ground over which the
alleys extended, or were themselves entitled to use the alleys.

*Decided February 26th, 1925.*

Appeal from the Circuit Court No. 2 of Baltimore City
(DAWKINS, J.).

Bill by Oliver P. Roberts against James S. Gosnell, Jr.,
and others. From an order overruling a demurrer to the
bill, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*William Edgar Byrd,* for the appellants.

*Walter C. Mylander,* for the appellee.

URNER, J., delivered the opinion of the Court.

The order appealed from overruled a demurrer to a bill
of complaint which alleged, in effect, that the defendants
conveyed to the plaintiff by deed dated May 24th, 1915,
exhibited with the bill, a lot of ground located on the east

side of Garrison Avenue in Baltimore and described as
binding on the south side of an alley three feet wide, which
extended eastwardly from the avenue to the rear of the lot,
and the use of which in common was granted by the deed,
together with "all the rights, alleys, ways, waters, advan-
tages, privileges and appurtenances, belonging or in anywise
appertaining" to the property conveyed; that at the time of
the conveyance the defendants delivered to the plaintiff a
drawing of the lot showing the alleys then in existence which
the defendants agreed, in accordance with the previous oral
understanding between the parties, were appurtenant to the
land conveyed by the deed, which drawing was filed with the
bill as an exhibit and shows an alley three feet wide con-
necting at the rear of the granted lot with the first mentioned
alley and extending northwardly to an alley ten feet wide
which connects with Waldheim Street to the west and thus
affords access to plaintiff's lot from that direction; that
those alleys were "actually laid out and existing" at the time
of the purchase by and conveyance to the plaintiff, of the lot
to which they were represented as being appurtenant; that
he would not have purchased the lot without the benefit of
the appurtenant alleys then in existence shown on the draw-
ing which the defendants presented; that the defendants
have recently, against the plaintiff's protest, erected a hedge
and wire fence across the end of the alley with which the
one along the north side of the plaintiff's lot immediately
connects, and previously constructed, and still maintain, a
garage which projects into the bed of the ten-foot alley to
the extent of half its width, and the removal of which the
plaintiff has repeatedly demanded; and that the maintenance
of the fence and garage has greatly impaired the avail-
ability of the plaintiff's lot by reducing the width of the
ten-foot alley, and by wholly obstructing access from his
property to the three-foot alley forming part of the alley
system by which a rear passageway to and from his lot is
provided. An injunction against the continuance of the
obstructions was proposed by the bill of complaint.

The essential question to be decided is whether the defendants are entitled to interfere with the plaintiff's use of alleys which are alleged by the bill and admitted by the demurrer to have been in existence at the time of the purchase of his lot and to have been represented by the defendants to be appurtenant ways passing under the conveyance. It is not necessary to discuss the contention that such an easement cannot be created or transferred by oral agreement, or to determine that the general grant of all appurtenant ways included the alleys in litigation. It is sufficient to inquire whether a court of equity can permit the defendants to obstruct an existing way upon the use of which, as the bill avers, they induced their grantee to rely as a material consideration for his purchase.

In *Tiffany on Real Property,* sec. 366 (c) it is said: "If, in order to effect a sale of land, the intending vendor states that there is a street or way adjacent to or near the land, or an easement appurtenant thereto, and on the faith of such statement the purchase is made, the vendor is ordinarily estopped to deny the existence of the way, street or other easement, and the same effect has occasionally been given to the exhibition by the vendor to the vendee, before the sale, of a plat showing a particular street or way as existing in connection with the property." One of the cases cited in support of that statement was *Mattes v. Frankel,* 157 N. Y. 603, where a purchaser of land relied upon a representation of the vendor that an existing way was appurtenant to the property sold, and the vendor was held to be estopped to deny the vendee's right to the use of the way. The fact that the question related to an interest in real estate was held not to prevent the operation of the estoppel.

The representation alleged in the bill of complaint in this case did not refer to the creation of any new way, but designated ways already in existence. It would be inequitable, in our opinion, to allow the grantors to destroy or obstruct an apparent easement which they represented to be appurtenant to land purchased from them upon the faith of that assurance.

The bill does not state that the defendants, when they made their conveyance to the plaintiff, were the owners of the ground over which the alleys in question extended, or were themselves entitled to use the alleys for the benefit of the lot to which they are said to be appurtenant. Because of this omission it is argued that the disputed right, alleged to have been derived from the defendants, does not appear to be maintainable. We are unable to accept that theory. If it be assumed that the defendants had no interest in the alleys which, as the bill states, they asserted to be appurtenant to the lot they were conveying, it is nevertheless clear that they would have no right to oppose the use of the alleys by a vendee of the lot who was induced by that representation to consummate his purchase. The principle of estoppel would be readily available and effective to defeat the attempted interference under such conditions.

The allegations of the bill present a case in which relief by injunction will be appropriate if the stated facts are proved. *Duvall v. Ridout,* 124 Md. 193; *Douglass v. Riggin,* 123 Md. 18; *Oberheim v. Reeside,* 116 Md. 265; *Chesapeake Co. v. Mt. Vernon Co.,* 107 Md. 532.

> *Order affirmed, with costs, and case remanded for further proceedings.*