Decree and order affirmed, with costs. Memorandum: In this will contest the attending physician was asked for his opinion as to whether the testatrix possessed sufficient mental capacity to make a will. A mere objection without statement of grounds therefor was made. The court asked upon what ground counsel objected and counsel said it was upon the ground that the witness was not competent to testify as a physician. He then conducted a preliminary examination as to the qualifications of the witness after which he renewed his objection stating no further ground. The objection was overruled and after the opinion was stated counsel proceeded to cross-examine upon it. There was no objection to the form of the question or as to the testimony itself being incompetent, nor was any exception taken nor motion to strike out made. Having restricted the objection to the competency of the witness to testify as an expert and give an opinion, the appellant may not, on appeal, rely on the claimed incompetency of the testimony itself as no such objection was raised at the trial. Had such objection been made, the respondent would have had the opportunity to reframe the question so that it would not have been objectionable (see Wightman v. Campbell, 217 N. Y. 479, and generally, 4 Wait on New York Practice, pp. 237-244). Moreover, there was sufficient other evidence to justify the finding of the jury as to incompetency of the testatrix. All concur, except Taylor, P. J., who dissents and votes for reversal and for granting a new trial on the ground that the finding of undue influence and lack of testamentary capacity is against the weight of evidence and that it was error to permit Dr. Kwak to testify *830 that testatrix was incompetent to make a will. • (Appeal from a decree of the Erie Surrogate’s Court, after trial at Supreme Court before Halpern, J., and a jury, denying probate to a will. The order denies proponent’s motion for a new trial.) Present — Taylor, P. J., MeCurn, Love, Kimball and Piper, JJ.