## WARCZYNSKI *v.* BARNYCZ

[No. 13, October Term, 1955.]

*Decided November 8, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Marion A. Figinski,* for appellant.

*Mary Arabian* and *Frank Petro,* for appellees

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Anna Warczynski, and the appellees, John Barnycz and Anna Barnycz, his wife, owned adjoining pieces of property known respectively as 1803 and 1805 Fleet Street, in Baltimore City. There is a covered passageway at ground level between the houses on the two lots; and above this passageway starting below the second floor level, there is a party wall dividing the two buildings. The appellant wished to build an additional half-story on her building, and suggested that the appellees do likewise with their house and join in increasing the height of the party wall. The appellees, on learning that the cost would be $700, declined to do so; but the appellant went ahead with the project, and in so doing increased the height of the party wall. The appellees claimed that the appellant also widened the wall and thereby encroached on their property. After the wall had been built they filed a bill of complaint in the Circuit Court #2 for Baltimore City for a mandatory injunction to require the appellant to remove that part of the wall which extended beyond the line of the original party wall and so overhung and encroached upon the appellees' property. The appellant filed a demurrer which was overruled. The appellant then filed an answer and the case went to trial. At its conclusion the lower Court refused to grant an injunction, but found that there was an encroachment and assessed damages therefor at $300 and entered a monetary decree for that amount against the appellant. The appeal is from that decree.

The appellant's brief states that there are three questions presented, but two of the three are double, so that there are really five. The appellees filed no brief, but the appellant consented to their counsel arguing the case orally. The five questions, which we shall take up in the order stated below, are as follows:

1. Whether the appellant's demurrer should have been sustained because the appellees did not file with their bill as exhibits either originals or copies of deeds or of the survey involved in the proceeding.

2. Whether the appellant's demurrer should have been sustained because the suit was not filed until after the wall had been completed.

3. Whether evidence pertaining to a survey showing the asserted encroachment was properly admitted.

4. Whether there was in fact any encroachment.

5. Whether damages were sufficiently proven.

### 1. THE OMISSION OF EXHIBITS

A portion of General Equity Rule 4 provides in substance that no injunction or restraining order shall issue until the originals or duly certified copies of all deeds or other instruments of record and verified copies of all other documents or papers not of record necessary to show the character and extent of the plaintiff's interest in the suit should have been filed, if they are available to the plaintiff.

At this stage of the proceedings the appellant's objection based upon the appellees' not having filed copies of the deeds and surveys seems academic. It is to be noted that when the bill was filed no immediate injunction or restraining order was sought, and that at the conclusion of the case no injunction was issued. Furthermore, during the trial of the case, proof of the legal descriptions of the properties, as well as proof of the sources of title of the respective parties, were put in evidence by stipulation, and the appellees' ownership of their property was admitted. See *Butler v. Rahm,* 46 Md. 541, 549. There exhibits, for lack of which an injunction might have been refused, were put in evidence on the hearing of a motion to dissolve the injunction and this was held sufficient. See also *Haldas v. Commissioners of Charlestown,* 207 Md. 255, 113 A. 2d 886, 889-890, and *Clark v. Todd,* 192 Md. 487, 64 A. 2d 547, in each of which cases it was held unnecessary to file as exhibits with the

bill all written documents which are items of proof as links in the chain of evidence. These two cases last cited dispose of any objection to the absence of the survey as an exhibit with the bill. It was introduced during the trial. It is also pointed out in the *Haldas* case that although failure to file necessary exhibits precludes injunctive relief, it does not preclude any general relief to which the plaintiff may be entitled.

## 2. Time of Suit—After Wall Built.

Another of the grounds of demurrer was that the suit, as appeared from the bill, was not filed until about twenty-one months after the wall had been built.

Equity has jurisdiction to restrain an encroachment (*Long v. Ragan,* 94 Md. 462, 51 A. 181). The appellant does not seem to challenge this proposition here, but she cites *Crise v. Slagle,* 129 Md. 453, 99 A. 669, to support her contention that the fact that the work complained of had been done bars the suit. In the *Crise* case it was held that it would be futile to review an order refusing an injunction to prevent a sale of mortgaged premises where the sale had been made before the case came up on appeal. Here the suit was not for an injunction to prevent action already taken but for an injunction to require the action already taken to be undone. The *Crise* case is therefore not in point. See *Phillips Roofing Co. v. Maryland Broadcasting Co.,* 184 Md. 187, 40 A. 2d 298, where the trial court had refused an injunction to prevent interference with the performance of a contract and where by reason of the passage of time between the trial and the decision on appeal the time for performance of the contract had expired. An injunction thereafter would have been nugatory, but the case was remanded for the purpose of determining damages. See also *Shipley v. Fink,* 102 Md. 219, 62 A. 360. Compare *Easter v. Dundalk Holding Co.,* 199 Md. 303, 86 A. 2d 477.

The appellant also relies upon *Salisbury v. Camden Sewer Co.,* 135 Md. 563, 109 A. 333, in support of her claim that the suit is barred because it was brought too

late. The facts as alleged in the bill, which were before the trial court on demurrer, included statements to the effect that when the encroachment was being made, the appellees saw it and protested, that the appellant at that time denied any encroachment, and that the appellees thereafter caused a survey to be made which showed an encroachment of 4½ inches. We think that these allegations did not establish laches or acquiescence on the part of the appellees. There was nothing resembling the complete absence of objection or the standing by for a period of years, such as were two of the bases for the decision in the *Salisbury* case. Likewise, no municipal corporation was involved here, and there was no question here concerning the preservation of the health of the community.

Going beyond the allegations of the demurrer and considering the testimony at the trial, we find no basis for imputing laches or acquiescence to the plaintiffs. The testimony at the trial differed somewhat from the allegations of the bill. At the trial the testimony of one of the appellees showed that while the construction of the wall was in progress there was a canvas covering over the work which prevented the appellees from actually seeing any encroachment until the wall was built and the covering was removed and that the work took about one or two days. When the wall was exposed to view the appellees noted the bulge and promptly protested and were then assured by the appellant or her contractor that everything was quite in order. The appellees then consulted counsel and he caused the survey to be made.

3. ADMISSIBILITY OF EVIDENCE PERTAINING TO A SURVEY.

The appellees produced as a witness Mr. Louis Evans, a surveyor who was in the employ of a registered surveyor, Mr. Vernon C. Lutz. Mr. Evans was permitted to introduce into evidence and to testify with regard to a plat prepared by Mr. Lutz's office and also with regard to field notes of a survey upon which the plat was based.

The witness himself had not made the plat nor had he participated in making the actual survey. The plat was authenticated by the signature of Mr. Lutz, which Mr. Evans identified. Mr. Lutz's absence was due to illness. The chief surveyor in charge of the party which made the survey, who was the individual who made the field notes, was also unavailable as a witness because he had moved out of the State.

The witness had been engaged in surveying work for thirteen years and had been in the employ of Mr. Lutz for four years. He testified that the survey had been made by individuals employed by Mr. Lutz's office, that the field notes were made in the ordinary course of business, that the plat was prepared by being computed and plotted from the field notes, and that the plat was prepared under the supervision of Mr. Lutz and was signed by him.

We think that the witness was sufficiently qualified as an expert to interpret the plat and the field notes. He met the test stated in *Refrigerating Co. v. Kreiner,* 109 Md. 361, 71 A. 1066, where the Court stated: "It must be shown that the witness possesses such intelligence and such familiarity with the subject as in the sound discretion of the court will enable him to express a well-informed opinion in regard thereto." See also *Wightman v. Campbell,* 217 N. Y. 479, 112 N. E. 184, in which the appellant objected to the admissibility of the testimony of a surveyor who testified how he had located certain lines with the aid of field notes made in the year 1851 by a surveyor then deceased who had surveyed the property. The Court said: "Field book entries made by a deceased surveyor for the purpose of a survey on which he was professionally employed, are admissible in evidence as being made in the discharge of professional duty. * * * If the proper foundation had been laid for the introduction of the notes in evidence, as easily might have been done by showing that they were made within the scope of professional

employment, and the notes put into evidence, the witness, himself a surveyor and competent to interpret them, could have testified therefrom as to the location of boundary lines of the Taylor farm and the evidence would have been entirely proper."

The records from which Mr. Evans testified were shown to have been made or kept in the regular course of a business or profession, and as such they were admissible as evidence under Code (1951), Article 35, Section 68. *Bethlehem-Sparrows Point Shipyards, Inc. v. Scherpenisse,* 187 Md. 375, 50 A. 2d 256; *Frush v. Brooks,* 204 Md. 315, 104 A. 2d 624; *Shirks Motor Express v. Oxenham,* 204 Md. 626, 106 A. 2d 46.

### 4. ENCROACHMENT.

The appellant claims that she was entitled to increase the height of the party wall. In this contention she relies strongly upon the case of *Sorensen v. J. H. Lawrence Co.,* 197 Md. 331, 79 A. 2d 382, where a suit was brought to restrain a defendant from increasing the height of a party wall and to require the defendant to restore it to its original condition. Judge Delaplaine there stated that, "Public policy favors the presumption that either owner of a party wall under an agreement has the right to make the wall higher than it was built originally. * * * The public interest is not promoted by putting impediments in the way of erecting buildings and the law will not be swift to construe the acts of parties so as to produce that effect."

However, in the *Sorensen* case no encroachment was shown. The wall was built upon its original base, without being widened. In the present case the wall was widened so as to overhang the appellees' property, as was shown both by the testimony of one of the appellees, based upon observation, and by the surveyor's plat and the field notes upon which it was based. The trial court found as a fact that there was an encroachment; and the evidence is ample to sustain this finding.

### 5. SUFFICIENCY OF PROOF OF DAMAGES

The evidence with regard to damages is scanty. There are positive findings by the Chancellor (a) that there was an encroachment and (b) that there were damages. There is, however, no testimony whatever which we have been able to find as to the amount of damages sustained by the appellees, and the brief oral statement of the Chancellor which was recorded and included in the record does not show the basis upon which he computed damages at $300. In *Levi v. Schwartz,* 201 Md. 575, 95 A. 2d 322, Judge Delaplaine, writing for the Court, said: "The general rule is that a person whose real property has been injured by another's negligent and wrongful act is entitled to such damages as will compensate him for the injury or loss sustained." In *Mullan v. Hacker,* 187 Md. 261, 49 A. 2d 640, Judge Delaplaine also said: "There is no question that the measure of damages for property is the cost of restoring it, if it can be restored to the condition it was in before the injury without cost disproportionate to the injury; but where the cost of restoring is greater than diminution in the market value, the correct measure is the difference between the value of the property before the injury and after." See also *Superior Construction Co. v. Elmo,* 204 Md. 1, 102 A. 2d 739, and the *Restatement, Torts,* §929 and *Comment b* on Clause (a) i.

Because of the complete absence of evidence as to the impairment of market value of the appellees' property we must remand the case for redetermination of the amount of damages to which the appellees may be entitled. Cf. *Phillips Roofing Co. v. Maryland Broadcasting Co., supra.*

In accordance with the views above expressed, the portion of the decree is affirmed which holds that the appellant has encroached upon the property of the appellees and is liable for such encroachment, but that portion of the decree which fixes the amount of damages is reversed

and the case is remanded for the ascertainment of the amount of the appellees' damages.

> *Decree affirmed in part and reversed in part, and case remanded for further proceedings in accordance with this opinion, the appellant and the appellees to pay their respective costs on this appeal.*